# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| GATEWAY PLAZA CONDO | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-01645-S |
| | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant's Motion to Preclude Attorney's Fees Under Section 542A.007 [ECF No. 8]. For the reasons that follow, the Court grants the Motion.

### I.     BACKGROUND

This action arose after Defendant The Travelers Indemnity Company of America ("Defendant") denied Plaintiff Gateway Plaza Condo's ("Plaintiff") insurance claim for storm damage. *See* Am. Compl. ¶ 10. There is significant disagreement about the parties' conduct in the early stages of this dispute.

According to Plaintiff, its property was damaged by a severe storm on or about June 2, 2017. *See id.*; Pl.'s App. 006-07. Plaintiff contends that it cannot recall when it notified Defendant regarding this damage, *see* Resp. ¶ 24, but suggests that Defendant retained an inspector, JNT Developers, to survey the property on August 16, 2017. *See id.* ¶ 8; Pl.'s App. 005. According to Plaintiff, Defendant denied Plaintiff's claim, but it does not know exactly when the claim was denied. *See* Resp. ¶ 7. Although Defendant sent Plaintiff a letter on October 6, 2017, stating that Defendant "determined that [Plaintiff's] policy does not cover" the damage to the roof, Pl.'s App. 003, Plaintiff claims that Defendant must have denied the claim earlier because the letter references the parties' "recent conversation about [the] claim." *Id.*; Resp. ¶ 7.

In contrast, Defendant submitted an affidavit stating that Plaintiff filed its claim on October 2, 2017, and reported damage to the property on or about September 25, 2017. *See* Def.'s App. 001. Defendant further attests that it did not retain any individual to inspect the property before these dates. *See id.* at 029. Rather, the affidavit states that Defendant first came across JNT Developers' report when Plaintiff showed it to Defendant's adjuster during an inspection of the property on October 6, 2017. *See id.* at 002, 029. Defendant's adjuster then sent Plaintiff a letter on October 6, 2017, denying Plaintiff's claim and stating the reasons for the denial. *See id.* at 004-05.

The subsequent developments are undisputed. Plaintiff retained a public adjuster by January 2018, a second adjuster by March 2019, and an attorney on April 26, 2019. *See id.* at 002; Pl.'s App. 001-02; Resp. ¶¶ 9-10. The attorney requested various documents from Defendant regarding the claim on May 3, 2019, *see* Pl.'s App. 001, notified Defendant that Plaintiff will be filing suit on June 3, 2019, *see id.* at 006-011, and filed this action in state court on June 3, 2019, *see* Notice of Removal ¶ 1 & Ex. A-2. Defendant removed this action to this Court on July 10, 2019, and filed the pending Motion, which is now briefed and before this Court.

## II. ANALYSIS

"Section 542A of the Texas Insurance Code became effective on September 1, 2017, and provides the notice requirements to be given to an insurer prior to the bringing of a claim related to certain property damage."[1] *Davis v. Allstate Fire & Cas. Ins.*, Civ. A. No. 4:18-CV-00075, 2018 WL 3207433, at *1 (E.D. Tex. June 29, 2018). Specifically, a plaintiff must provide the

---

[1] Although § 542A govern procedural matters, which are typically decided under federal law, *see, e.g., Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (citation omitted), § 542A is "so intertwined with Texas's substantive policy . . . that, to give that policy full effect, federal courts sitting in diversity must enforce [the section's] requirements." *Davis*, 2018 WL 3207433, at *2-3 (citing among other authorities, *Baber v. Edman*, 719 F.2d 122, 123 (5th Cir. 1983)); *Carrizales v. State Farm Lloyds*, Civ. A. No. 3:18-CV-0086-L, 2018 WL 1697584, at *2-3 (N.D. Tex. Apr. 6, 2018) (collecting authorities).

2

notice at least 61 days before an action is filed unless it is "impracticable" because: "(1) the [plaintiff] has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or (2) the action is asserted as a counterclaim." TEX. INS. CODE ANN. § 542A.003(a), (d).

If, within 30 days of filing "an original answer in the court in which the action is pending," the defendant "pleads and proves"[2] "that the defendant was entitled to but was not given a presuit notice . . . , the court may not award to the [plaintiff] any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.* § 542A.007(d); *cf. Davis*, 2018 WL 3207433, at *2 ("The burden of proof is on the party seeking [relief under Section 542A] to establish the allegations of its motions." (citation omitted)). In the present case, Plaintiff admits that it did not provide Defendant with presuit notice, but argues that notice was not required under § 542A.003(d)(1) because it "had a reasonable basis for believing that there was not enough time for a 60-day presuit notice." Resp. ¶¶ 13, 15. The Court disagrees with Plaintiff's argument, and finds that Defendant was entitled to, but was not provided with, presuit notice.

"The statute of limitations under Texas law for claims under the Texas Insurance Code and claims for bad faith is two years from the date" that the "coverage under the Policy was denied." *J.P. Columbus Warehousing Inc. v. United Fire & Cas. Co.*, Civ. A. No. 5:18-cv-00100, 2019 WL 453378, at *2 (S.D. Tex. Jan. 4, 2019) (citations omitted); *see also Castillo v. State Farm Lloyds*, 210 F. App'x 390, 394-95 (5th Cir. 2006) (same). Here, the evidence is uncontroverted that Plaintiff reported its claim on October 2, 2017. *See* Def.'s App. 001; Resp. ¶¶ 2, 24 (admitting

---

[2] Neither § 542A nor caselaw provides the legal standard for resolving Defendant's Motion. States and federal courts have, however, considered the evidence appended to the motion. *See, e.g., J.P. Columbus*, 2019 WL 453378, at *6 (analyzing the "undisputed" facts); *Carrizales v. State Farm Lloyds*,Civ. A. No. 3:18-CV-0086-L, 2018 WL 1697584, at *4 (N.D. Tex. Apr. 6, 2018) (relying upon a "verified" motion); *In re Allstate Indem. Co.*, NO. 14-18-00362-CV, 2018 WL 3580644, at *2 (Tex. App.—Houston [14th Dist.] July 26, 2018, no pet.) (analyzing the notice letter and emails in the record). In this case, the Court does not need to articulate the appropriate legal standard because the dispositive facts are uncontested.

that Plaintiff "did not recall the exact date notice of loss was given to Defendant"). Thus, it is inconceivable that Defendant could have denied Plaintiff's claim before Plaintiff first filed its claim in October 2017. As the statute of limitations would expire in October 2019, Plaintiff did not have a reasonable basis for believing that there was insufficient time to give presuit notice when Plaintiff filed the action on June 3, 2019. *See* Notice of Removal ¶ 1 & Ex. A-2.

Moreover, even if the Court disregarded Defendant's uncontroverted affidavit establishing the date Plaintiff filed its claim, the Court would still find that Defendant was entitled to presuit notice. The earliest date Plaintiff references for the inspection of its property or the denial of its claim is August 16, 2017. *See* Resp. ¶ 23 (("[T]he claim could have been denied soon after the August 16, 2017 inspection."). Plaintiff filed its action, however, 74 days before this date. Thus, Plaintiff had in excess of 60 days to provide Defendant with presuit notice before the limitations period expired. *See* TEX. INS. CODE ANN. § 542A.003(a). Moreover, "Plaintiff proffers no explanation for why it waited" almost two years before the date of the alleged loss "before it hired an attorney." *J.P. Columbus*, 2019 WL 453378, at *6. This is especially troubling given that Plaintiff had retained public adjusters who provided Defendants with estimates as early as January 10, 2018, and who could have provided Defendant with the requisite notice. *See* Def.'s App. 002; Pl.'s App. 007-08. Under these facts, the Court finds that Plaintiff lacked a reasonable basis for believing that there was insufficient time to give presuit notice before the limitations period expired. *J.P. Columbus*, 2019 WL 453378, at *6.

### III.     CONCLUSION

For the reasons discussed above, the Court grants Defendant's Motion and precludes Plaintiff from recovering attorney's fees incurred after July 26, 2019.

**SO ORDERED.**

SIGNED December 23, 2019.

                                                */s/ Karen Gren Scholer*

                                          **KAREN GREN SCHOLER**
                                          **UNITED STATES DISTRICT JUDGE**